UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
Lever Style Limited,

                                 Plaintiff,               VERIFIED COMPLAINT

              -against-                  Civil Action No.:

Peter Manning LLC & Jeff Hansen,

                                Defendants.
------------------------------------------------------------------------x

      Plaintiff, Lever Style Limited (hereinafter "Lever Style"), by and through its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, as and for its Verified Complaint, alleges as follows:

### NATURE OF THE ACTION AND THE PARTIES

      1.      This is an action for money owed to Lever Style for the delivery of apparel to Defendant, Peter Manning LLC (hereinafter "PML") pursuant to numerous purchase orders and a duly executed Deed of Guarantee (hereinafter "Guarantee") entered between Plaintiff and Jeff Hansen. A copy of the Guarantee is annexed herein at Exhibit 1.

      2.      Plaintiff, Lever Style is a Hong Kong limited liability company and a wholly-owned subsidiary of Lever Style Corporation, a company incorporated in the Cayman Islands.

      3.      Plaintiff, Lever Style maintains its principal place of business at Room 76, Flat A, 7th Floor, Wing Tai Centre, 12 Hing Yip Street, Kwun Tong, Kowloon, Hong Kong with its operational hub in Shenzhen, China.

      4.      Defendant, PML has a principal place of business at 933 Broadway, 3rd Floor, New York, NY 10010.

      5.      Defendant Jeff Hansen resides at 205 E 92nd Street, Apt 34E, New York, NY 10128.

6.      Jurisdiction is based on diversity of citizenship and the amount in controversy in this matter exceeds $75,000.00.  Both parties have contractually agreed to allow New York law to govern any disputes of the Guarantee.

## THE FACTS

7.      In or around the middle of 2017, PML, a retail company in the business of selling clothing to consumers, engaged with Lever Style to manufacture and provide PML with clothing apparel.

8.      Between May 3rd, 2018 and September 23rd, 2022, PML placed purchase orders with Lever Style in order to obtain apparel from Lever Style.

9.      All of the numerous purchase orders placed by PML with Lever Style were fulfilled and Lever Style delivered the goods as ordered.

10.      Upon information and belief, none of the goods delivered by Lever Style to PML were returned.

11.      Lever Style, through its affiliate Topsun Garment Limited, issued invoices to PML related to each purchase orders placed by PML with Lever Style.

12.      In order to induce Lever Style to continue fulfilling purchase orders despite issues with non-payment of invoices, on November 29th, 2022 Jeff Hansen, the sole shareholder and director of PML, executed the Guarantee.

13.      At the time of the execution of the Guarantee, the outstanding balance owed by PML to Lever Style for overdue invoices was $960,409.75 with a balance of $320,068.00 to become due for work in progress.

2

14. Pursuant to the language of the Guarantee, among other things, Jeff Hansen agreed to personally guarantee the delinquent balances owed by PML to Lever Style as well as guarantee any future balances owed by PML to Lever Style.

15. Pursuant to the language of the Guarantee, among other things, Jeff Hansen agreed to ensure that PML would punctually pay invoices on or before the due date and if PML failed to do so, Jeff Hansen agreed to make the payments in its stead.

16. Subsequent to the execution of the Guarantee, PML continued to place purchase orders with Lever Style and Lever Style continued to fulfill these purchase orders and invoice the goods accordingly.

17. On or around February 22nd, 2023, PML stopped paying certain invoices related to its purchase orders placed with Lever Style.

18. PML failed to pay the invoices issued prior to the execution of the Guarantee and failed to pay new invoices issued subsequent to the execution of the Guarantee.

19. Despite agreeing to pay all old and new invoices in the Guarantee, Jeff Hansen failed to pay the invoices issued prior to execution of the Guarantee and also failed to pay invoices issued subsequent to the execution of the Guarantee.

20. The total outstanding amount PML and Jeff Hansen owe Lever Style is $1,142,375.11 (hereinafter "Outstanding Balance"). See accounting of outstanding invoices attached herein at Exhibit 2.

21. Lever Style demanded payment from PML and Jeff Hansen of the Outstanding Balance.

22. PML and Jeff Hansen have failed, neglected and refused to pay the Outstanding Balance, which remains due and owing.

3

## AS AND FOR A FIRST CLAIM
## FOR BREACH OF CONTRACT AS AGAINST DEFENDANT JEFF HANSEN

23.     Plaintiff repeats and reiterates each of the allegations contained in all preceding paragraphs, as if fully set forth herein.

24.     In failing to pay the Outstanding Balance as agreed upon in the Guarantee, Jeff Hansen is in breach of the Guarantee.

25.     In failing to pay the delinquent invoices due at the execution of the Guarantee and failing to pay subsequent invoices as they became due, Jeff Hansen is in breach of the Guarantee.

26.     As a direct and proximate result of Defendant Jeff Hansen's breach of his contractual obligations, Lever Style has suffered damages in the amount of $1,142,375.11 exclusive of interest and costs.

27.     At the time of this Complaint, Defendant Jeff Hansen has refused to make payment in full on the Outstanding Balance issued by Lever Style to Jeff Hansen.

28.     By reason of the foregoing, Lever Style has been damaged by Jeff Hansen's breach of contract and is entitled to recover damages from Jeff Hansen in the sum of $1,142,375.11.

## AS AND FOR A SECOND CLAIM
## FOR BREACH OF CONTRACT AS AGAINST DEFENDANT PML

29.     Plaintiff repeats and reiterates each of the allegations contained in all preceding paragraphs, as if fully set forth herein.

30.     PML submitted numerous Purchase Orders to Lever Style in order to procure apparel from Lever Style.

31.     PML agreed to pay any invoices issued by Lever Style for the delivery of the goods ordered in the Purchase Orders.

32.     This agreement constitutes a contract between PML and Lever Style.

33.     In failing to pay the invoices issued by Lever Style, PML is in breach of the contract established by both parties.

34.     As a direct and proximate result of Defendant PML's breach of its contractual obligations to pay invoices issued by Lever Style, Lever Style has suffered damages in the amount of $1,142,375.11 exclusive of interest and costs.

35.     At the time of this Complaint, Defendant PML has refused to make payment in full on the Outstanding Balance issued by Lever Style to PML.

36.     By reason of the foregoing, Lever Style has been damaged by PML's breach of contract and is entitled to recover damages from PML in the sum of $1,142,375.11.

## AS AND FOR A THIRD CLAIM
## FOR UNJUST ENRICHMENT AS AGAINST DEFENDANT PML

37.     Plaintiff repeats and reiterates each of the allegations contained in all preceding paragraphs, as if fully set forth herein.

38.     Lever Style shipped apparel to PML.

39.     PML received and retained the apparel from Lever Style.

40.     Upon information and belief, PML sold the apparel.

41.     From on or around September 21st, 2022 through January 23rd, 2023 Lever Style issued invoices to PML for the apparel delivered to PML.

42.     PML failed to pay the numerous invoices issued by Lever Style for the delivery of apparel.

5

43.     As a result of PML's receipt and retention of the apparel shipped by Lever Style and PML' failure to pay the invoices issued by Lever Style, PML has been unjustly enriched in the sum of $1,142,375.11.

44.     By reason of the foregoing, Lever Style has been damaged and is entitled to recover damages from PML in the sum of $1,142,375.11.

## AS AND FOR A FOURTH CLAIM
## FOR PROMISSORY ESTOPPEL AS AGAINST DEFENDANTS PML AND JEFF HANSEN

45.     Plaintiff repeats and reiterates each of the allegations contained in all preceding paragraphs, as if fully set forth herein.

46.     By and through the negotiation and execution of the Guarantee, PML and Jeff Hansen clearly and unambiguously made a promise to Lever Style to pay delinquent invoices owed to Lever Style.

47.     By and through the negotiation and execution of the Guarantee, PML and Jeff Hansen clearly and unambiguously made a promise to Lever Style to pay future invoices to Lever Style.

48.     The promises made in the negotiation and execution of the Guarantee were made by PML and Jeff Hansen to induce Lever Style to continue providing apparel to PML.  Lever Style relied on these promises in continuing to provide PML with apparel.

49.     Lever Style reasonably relied upon the promises made by PML and Jeff Hansen.

50.     It was foreseeable that Lever Style would rely on the promises made by PML and Jeff Hansen.

51.     Lever Style has been injured by its reliance on the promises made by PML and Jeff Hansen and is entitled to recover damages from PML and Jeff Hansen in the sum of $1,142,375.11.

6

284468177v.1

**AS AND FOR A FIFTH CLAIM FOR PROMISSORY ESTOPPEL AS AGAINST DEFENDANT PML**

52.     Plaintiff repeats and reiterates each of the allegations contained in all preceding paragraphs, as if fully set forth herein.

53.     By and through the placement of Purchase Orders with Lever Style, PML clearly and unambiguously made a promise to Lever Style to pay for the good delivered by Lever Style according to each Purchase Oder.

54.     The promises made in the placement of Purchase Orders with Lever Style were made by PML to induce Lever Style to provide apparel to PML.  Lever Style relied on these promises in providing PML with apparel.

55.     Lever Style reasonably relied upon the promises made by PML.

56.     It was foreseeable that Lever Style would rely on the promises made by PML.

57.     Lever Style has been injured by its reliance on the promises made by PML and is entitled to recover damages from PML in the sum of $1,142,375.11.

**AS AND FOR A SIXTH CLAIM
FOR ACCOUNT STATED AS AGAINST DEFENDANT PML**

58.     Plaintiff repeats and reiterates each of the allegations contained in all preceding paragraphs, as if fully set forth herein.

59.     Lever Style presented PML with the outstanding invoices on its account.

60.     PML did not object to the invoices presented to it by Lever Style.

61.     Through act or omission, the account was accepted as correct by PML.

62.     Through act or omission, PML agreed to pay the amount stated.

63.     By failing to pay the agreed upon amount, Lever Style has been damaged by PML and is entitled to recover damages from PML in the sum of $1,142,375.11.

7

**WHEREFORE**, Lever Style demands Judgment against PML in the sum of $1,142,375.11 on the second, third, fourth, fifth or sixth claim; and Lever Style demands Judgment against Jeff Hansen in the sum of $1,142,375.11 on the first or fourth claim; together with an award of interest at the statutory rate from date of default for each invoice, the costs and disbursements of the action, and for such other and further relief as this Court may deem just and proper.

Dated: June 30, 2023
White Plains, New York

By:   *Eric Cheng*
Eric Cheng
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
*Attorneys for the Plaintiff*
*Lever Style Limited*
1133 Westchester Avenue
White Plains, New York 10604
Tel. 914-872-7162
Fax. 914-323-7001
File Number: 25050.00001

8

**VERIFICATION**

STATE OF NEW YORK        )

                                )     SS.:

COUNTY OF WESTCHESTER    )

 

Eric Cheng, being duly sworn, deposes and says that he is a Partner of the firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorney to Lever Style Limited, that Lever Style Limited is the plaintiff in the within action; that the allegations in the Complaint are true to his knowledge, except as to those matters alleged upon information and belief; that the matters alleged therein upon information and belief, he believes to be true; and that the basis of his knowledge is the books and records of the plaintiff and/or statements made to him by officers or employees thereof.  This verification is not made by the plaintiff because the plaintiff is a foreign publically traded limited company.

*Eric Cheng*
_____
Eric Cheng
Attorney for Lever Style Limited

Sworn to before me this
29th  day of June, 2023

*Angela Belvedere Triscari*
_____
Notary Public

Angela Belvedere Triscari
Notary Public State of New York
**No. 01BE5075112**
Qualified in Westchester County
**Commission Expires March 24, 2027**

9

284468177v.1